## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| Gabriel Jackson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 22 C 50290 |
| v. ) | |
| ) | Hon. Philip G. Reinhard |
| Illinois Department of Corrections, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

### ORDER

Plaintiff's rule 60(b) motion [104] is denied. Plaintiff is given four weeks from the date of this order to file a second amended complaint. Defendants are then given two weeks from the date of that filing to answer or otherwise plead. The Magistrate Judge shall continue with supervision of discovery.

### STATEMENT-OPINION

On April 25, 2023, this court issued a lengthy opinion and order [91] granting in part and denying in part various motions to dismiss, filed by different defendant groups, seeking to dismiss specific counts in the 18-count first amended complaint filed by plaintiff.[1] The court then gave plaintiff two weeks to file a second amended complaint. Rather than filing that complaint, plaintiff filed a four-page motion to reconsider [92] asking the court to reconsider portions of the ruling relating to the counts brought pursuant to the Federal Tort Claims Act ("FTCA"), which this court had dismissed with prejudice. The Magistrate Judge issued an order calling for a response from defendants, but did not ask for a reply brief. After receiving the defendants' response briefs [97, 98, 100], this court denied plaintiff's motion to reconsider in a short order [101], concluding that plaintiff had not raised any valid grounds to reconsider the April 25th ruling.

Thereafter, plaintiff filed the present Rule 60(b) motion. Plaintiff states that he filed this motion, which is in effect a second motion to reconsider, because he wants to assert additional arguments he claims he would have raised in a reply brief if he had been able to file one. Again, no reply brief was called for in the briefing schedule. The court set a full briefing schedule on the present motion, and all sides have had more than ample opportunity to make their arguments now.

---

[1] The gist of the complaint is that defendants (Wexford, Dixon Correctional Center officials, and two hospitals and several doctors working for those hospitals) failed to properly diagnose and treat plaintiff's infected leg.

1

In his motion, plaintiff has only objected to this court's dismissal of the FTCA claims. Specifically, this court granted a motion filed by defendant The Board of Trustees of the University of Illinois to dismiss counts 7 and 8 with prejudice, and granted a motion filed by defendant OSF Healthcare System, d/b/a OSF Saint Anthony Medical Center ("OSF Healthcare System") to dismiss counts 13 and 14 with prejudice.

The four defendant groups have filed responses, and they generally object to plaintiff being allowed to even file a rule 60(b) motion, arguing that plaintiff could have raised, or did raise, these same arguments before. This court agrees with many of these criticisms, and could deny the motion largely on these grounds. However, because plaintiff will be filing a second amended complaint, and because some of these arguments could re-emerge in subsequent briefing, the court will consider plaintiff's arguments.

Although plaintiff's motion is not always clear, it appears that he is raising only two arguments. First, he argues that he can bring an FTCA claim against defendant OSF Healthcare System because it is a health center as defined by the Federally Supported Health Centers Assistance Act ("FSHCAA"). A little background will help to understand this argument. The FTCA was originally passed to allow recovery for torts committed by persons acting on behalf of the United States. The FTCA provided a limited waiver of sovereign immunity which would otherwise bar such actions. However, the FTCA also imposed some additional requirements. One is that a plaintiff asserting a claim against the United States must first exhaust administrative remedies in a specific way—*i.e.* by submitting an administrative claim to the appropriate federal agency and then either receiving a denial or waiting six months before initiating the lawsuit. *See Marconi v. United States*, 2021 WL 5179945, *2 (N.D. Ind. Nov. 8, 2021 ).[2] In 1992, the FSHCAA was enacted, and it extended the coverage of the FTCA to certain types of health centers (essentially those receiving federal funds to provide medical services to underserved populations). In the language of the FSHCAA, qualifying health centers are known as "deemed entities" because they are "deemed" employees of the Public Health Service ("PHS") for civil liability purposes, which in turn brings them under the FTCA.

In the present case, plaintiff asserts that OSF Healthcare System is a "deemed entity" under the FSHCAA because it is a health center as defined by that Act. However, OSF Healthcare System responded to this argument by asserting that it is *not* a deemed entity. To prove this point, OSF Healthcare System referred the court and parties to an online government search tool, known as the Federal Tort Claims Act Search Tool (hrsa.gov). *See* [98 at 2 (https://data.hrsa.gov/tools/ftca-search-tool)]. As the website indicates, this search tool provides a "listing of recipients of Health Center Program grant funding that have been deemed as PHS employees." This search tool indicates that OSF Healthcare System is *not* a qualifying health center under the FSHCAA.

---

[2] For additional history and background on both the FTCA and FSHCAA, *see generally* Michael A. Dowell and Carol D. Scott, "Federally Qualified Health Center Federal Tort Claims Act Insurance Coverage," *The Health Lawyer*, Vol. 27, No. 3, Feb. 2015.

Plaintiff concedes that this search tool ostensibly undermines his argument, but he sees a glimmer of hope in the fact that the search tool website contains the following disclaimer:

> This search tool provides general information and is only one of many potential sources of information regarding an individual entity's deemed status. You should not rely solely upon this search tool to ascertain whether an entity has been deemed as an employee of the Public Health Service for purposes of civil liability protections under the Federally Supported Health Centers Assistance Act (FSHCAA), 42 U.S.C. § 233(g)-(n), and the Federal Tort Claims Act (FTCA). ***The most important resource for information about a specific health center's deemed Public Health Service employment status is the health center. For information about an entity's deemed status, you are strongly encouraged to contact the health center directly.***

*Id.* (bolding and italics in original). Following the recommendation in this disclaimer, the next logical step would be to ask OSF Healthcare System whether it has been deemed a PHS employee. But there is no need to ask this question because OSF Healthcare System has already asserted explicitly in its briefs that it is not such an entity. Plaintiff apparently doubts this answer. He has perused OSF Healthcare System's website and notes that it states therein that OSF Healthcare System (d/b/a as Saint Anthony Medical Center) is a not-for-profit hospital subject to federal law and, further, that OSF Healthcare System is required to file a report pursuant to federal law. Plaintiff has attached as an exhibit to his motion a copy of a 2022 report filed by OSF Saint Anthony Medical Center. Ex. 4. In response to this argument, OSF Healthcare System explains that this report is merely a Community Health Needs Assessment required by the IRS pursuant to the Affordable Care Act. *See* 26 U.S.C. § 501(r)(3). The report, according to OSF Healthcare System, says nothing about the FSHCAA and has no relevance to whether it is a deemed entity. This court agrees. It can find nothing in this report suggesting that OSF Healthcare System is a deemed entity. A word search of the report, looking for "FSHCAA" and "deemed entity" or "deemed entities," found no matches. But the report does state, consistent with OSF Healthcare System's argument, that it is being provided to comply with the Affordable Care Act.

After this long detour, we are back at square one, with no evidence suggesting that OSF Healthcare System is a deemed entity under the FSHCAA and with no grounds for allowing an FTCA claim arising out of the allegations against OSF Healthcare System.

A couple of additional points to note about this first argument. As this court noted previously, the "only proper defendant in an FTCA action is the United States." *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); *Alinsky v. United States*, 415 F.3d 639, 644 (7th Cir. 2005) (the government is generally not liable under the FTCA for the torts of private contractors); *Ward v. Jessie Brown V.A. Hosp.*, 2005 WL 3312601, *4 (N.D. Ill. Dec. 5, 2005) ("The Government first argues that the fact that Ward named the Hospital, as opposed to the United States, as the defendant to Ward's FTCA suit warrants dismissal based on lack of subject matter jurisdiction. [] The Court

agrees."). If plaintiff here had named the United States as a defendant, as these cases advise, then the United States could have provided its input as to whether OSF Healthcare System is a deemed entity. *See, e.g.*, *Marconi*, 2021 WL 5179945 at *1 ("**the United States certified** that Horin was an employee of the Public Health Service, acting within the scope of her employment at the time of the incident alleged in plaintiff's complaint. Pursuant to the FSHCAA, **upon such certification**, the proceeding shall be 'deemed a tort action against the United States under [FTCA].'") (emphasis added). The second point to note is that, if plaintiff were even able to proceed on his FTCA claims against OSF Healthcare System, he would be required to have first exhausted his *federal* administrative remedies, and there is no indication he has done so.

Plaintiff's second argument is directed at defendant The Board of Trustees of the University of Illinois (the "Board").[3] The Board previously raised three independent arguments to dismiss the two counts (7 and 8) directed at the Board itself, as opposed to the other counts directed at the two doctors. This court mostly focused on the Board's first argument, which is that the Board is immune under the Eleventh Amendment and the doctrine of sovereign immunity. *See* [91 at 5 (citing Seventh Circuit cases)]; *see also Harvis v. Bd. of Trustees of Univ. of Ill.*, 744 F. Supp. 825, 827 (N.D. Ill. 1990) ("The Board of Trustees has been held to be an instrumentality of the state and protected by the doctrine of sovereign immunity.").[4] In his rule 60(b) motion, plaintiff argues that sovereign immunity "does not bar all actions against medical professionals employed by the State." *Walker v. Wexford Health Sources, Inc.,* 2019 WL 4015882, *2 (C.D. Ill. Aug. 26, 2019). Plaintiff then notes that the Illinois Supreme Court, in *Jinkins v. Lee*, 807 N.E.2d 411 (Ill. 2004), held that there is an exception for doctors who owe a duty arising independently from the doctor-patient relationship. *Id.* at 421-22. But, unlike here, *Jinkins* only addressed claims directly against the individual doctors and did not involve any claims against the state. Here, counts 7 and 8 are directed solely against the Board itself. Plaintiff has separate counts directed at the two doctors individually (counts 9, 10, 11, and 12), and those counts have not been dismissed by this court. For these reasons, the court is not persuaded by this argument and sees no need to change its prior ruling dismissing with prejudice the two FTCA counts against the Board.

---

[3] The amended complaint alleges the following regarding the Board and related defendants: "Defendant Board Of Trustees Of The University Of Illinois owns Defendant University of Illinois Hospital ('UI Hospital') which is a part of the University of Illinois at Chicago. [] Defendants Brody Slostad, M.D. and Mayank Kansal, M.D. were employees or subcontractors of Defendant UI Hospital at the time of these occurrences. They are sued in their individual capacities." [38 at ¶¶ 10-11.] The amended complaint further alleges that Drs. Slostad and Kansal treated plaintiff at a single visit, on February 10, 2021, for his chronic heart problems and that they should have discovered and treated the leg problem. *Id.* at ¶ 15.

[4] Claims against the Board can only be filed in the Illinois Court of Claims. *See, e.g., Reyes v. Court of Claims of the State of Ill.*, 702 N.E.2d 224, 226 (Ill. App. Ct. 1998) ("Plaintiff, special administrator of the estate of his mother, Frances Reyes (Reyes), filed suit in the circuit court of Cook County, seeking recovery in tort for medical malpractice for alleged negligent medical treatment by the Board of Trustees of the University of Illinois Hospital (the Board of Trustees), the governing body of the hospital. The trial court dismissed plaintiff's action, finding that it lacked jurisdiction to resolve the dispute because the Board of Trustees, as an arm of the state, could only be sued in the Court of Claims.").

      For all these reasons, plaintiff's rule 60(b) motion is denied. The court will give plaintiff four weeks from the date of this order to file a second amended complaint. Given the extensive briefing and analysis required by plaintiff's filing of both a motion to reconsider and then a rule 60(b) motion, plaintiff is advised to think carefully and conduct appropriate research before filing his second amended complaint.

Date: 8/23/2023                                        ENTER:

                                                                        *Philip G. Reinhard*
                                                         United States District Court Judge

                                                                   Electronic Notices.